Filed 8/14/26  Anabi Oil Corp v. Fuel Enterprise CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ANABI OIL CORPORATION et al., | B337933, B340224 |
| Plaintiffs, Cross-defendants and Appellants, | Los Angeles County Super. Ct. No. 21STCV43687, 21STCV44841 |
| v. | |
| FUEL ENTERPRISE, INC. et al., | |
| Defendants, Cross-complainants and Respondents; | |
| GEORGES INVESTMENTS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment and a postjudgment order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge. Reversed in part, affirmed in part, and remanded with directions.

MFox Law Group, Martin Fox and Ramshin Daneshi for Plaintiffs, Cross-defendants and Appellants.

Law Office of John Fitzmorris and John P. Fitzmorris for Defendants, Cross-complainants and Respondents.

_____

This appeal arises from a commercial dispute involving a fuel supplier, the former owners of a gas station, and the purchasers of that gas station. After a three-day bench trial, the trial court entered judgment largely in favor of respondents Fuel Enterprise, Inc., Asaph Guirguis, Morgan Capital Group, LLC, Fuel Stop, Inc., Georges Investments, Inc., and Kamal Georges (collectively, Fuel Enterprise),[1] and against appellants Anabi Oil Corporation (Anabi Oil) and Reem Annabi (collectively, Anabi). Among other findings, the trial court determined that Reem Annabi represented to Guirguis that a 2020 supply covenant contained the same terms as a predecessor 2017 supply covenant, that Anabi "concealed the changes with intent to defraud," and that Guirguis "relied on the misrepresentation and concealment." The court ruled for Fuel Enterprise on its cross-claims for fraud, rescission of the 2020 Supply Covenant, and violation of Corporations Code section 31125,[2] and against Anabi Oil on its third cause of action for breach of the 2020 Supply Covenant.

The trial court also made separate findings adverse to Anabi that did not rest on the fraud determination: It accepted Guirguis's calculation of liquidated damages under the Retailer

---

[1] We refer to respondents collectively as "Fuel Enterprise" for ease of reference. Of the six respondents, four, Asaph Guirguis, Morgan Capital Group, LLC, Fuel Enterprise, Inc., and Fuel Stop, Inc., were cross-complainants below. The other two, Georges Investments, Inc., and Kamal Georges, were not parties to the cross-complaint. When discussing the cross-complaint, "Fuel Enterprise" refers only to the four cross-complainants unless the context indicates otherwise.

[2] The statement of decision refers to this cause of action in one place as a violation of "Business and Professions Code § 31125" and elsewhere as a violation of Corporations Code section 31125. The cross-complaint pleaded a violation of Corporations Code section 31125, and the parties have briefed it as such. We use that designation.

2

Product Sales Agreement (RPSA), rejected Anabi's "greater amount" theory of damages under the Retailer Facility Development Incentive Program (RFDIP), and found that Anabi recorded a wrongful Notice of Default overstating the amount owed. Anabi does not challenge these determinations on appeal.

The principal issue before us is whether the statement of decision adequately addresses justifiable reliance, an essential element of the fraud finding and the determinations derivative of it. We hold that it does not. The trial court addressed Anabi's duty-to-read defense but did not clearly disclose whether it found Guirguis's reliance justifiable under the circumstances. Anabi's objections brought that ambiguity to the trial court's attention. Under Code of Civil Procedure section 634, we may not infer the missing finding.

We do not reach Anabi's broader contention that justifiable reliance is foreclosed on this record as a matter of law. The appropriate remedy is a limited remand for the trial court to make an express finding on justifiable reliance, drawing on its existing findings and the trial record. We reverse the judgment as to the fraud-dependent determinations only; the remainder of the judgment, including the findings against Anabi on the RPSA, the RFDIP, and the wrongful Notice of Default, is unaffected. The postjudgment attorney fees award is vacated pending redetermination of the prevailing party.

**FACTUAL AND PROCEDURAL SUMMARY**

**A. The 2017 Agreements and the 2020 Sale**

In 2010, Anabi Oil began supplying gasoline to a Shell-branded gas station in Covina owned and operated by Georges Investments, Inc. In 2017, Anabi Oil and Georges Investments executed three agreements: the RPSA, under which Georges Investments agreed to purchase a minimum of 65,000 gallons of Shell-branded gasoline per month from Anabi Oil through December 2027 and to pay $0.03 per gallon in liquidated damages for any shortfall on premature termination; the RFDIP,

3

under which Anabi Oil advanced $122,500 in site-improvement funds that would be forgiven upon completion of the RPSA term; and a Memorandum of Right of First Refusal and Supply Covenant (the 2017 Supply Covenant). The 2017 Supply Covenant provided that Anabi Oil would remain the "exclusive supplier of gasoline and motor fuel" to the station for 10 years from October 6, 2017.

In 2020, Georges Investments sold the station to Fuel Enterprise. The sale was effected through a Consent to Assignment Agreement among Anabi Oil, Georges Investments, and the buying entities, by which Anabi Oil consented to the assignment of the 2017 agreements. As part of the closing, Fuel Enterprise also executed a new one-page, four-paragraph supply covenant (the 2020 Supply Covenant). The 2020 Supply Covenant differed from its 2017 predecessor in two respects relevant here: Its term ran to November 2028 rather than October 2027, and it specified that Anabi Oil's exclusivity extended to fuel "regardless of whether the gasoline and motor fuel are branded or unbranded."

Approximately one year after the sale closed, Fuel Enterprise debranded the station and tendered to Anabi Oil what its tender letter described as "check No. 1094 in the amount of $278,304.51," comprising the $122,500 RFDIP balance and $155,804.51 in liquidated damages calculated under the RPSA. The check itself was written for $278,304.91. The trial court used the $278,304.51 figure in its statement of decision.

Anabi Oil rejected the tender, contending it was entitled to additional sums under both the RFDIP's "greater amount" provision and the 2020 Supply Covenant. Shortly thereafter, Anabi Oil recorded a Notice of Default against the station, claiming $521,697.84 was owed.

**B. The Pleadings and Trial**

Anabi Oil sued Fuel Enterprise for breach of the RPSA, the RFDIP, and the 2020 Supply Covenant, along with related

4

claims. Fuel Enterprise cross-complained, alleging eight causes of action including fraud, rescission of the 2020 Supply Covenant, violation of Corporations Code section 31125, quiet title, and declaratory relief. The actions were consolidated.

The fraud cross-claim alleged that Reem Annabi told Guirguis the 2020 Supply Covenant would have terms identical to the 2017 Supply Covenant; that the 2020 Supply Covenant in fact contained materially different terms; and that Guirguis "reasonably and justifiably relied" on Reem Annabi's representations in signing without reading the document. Anabi answered that Guirguis's failure to read the 2020 Supply Covenant before signing barred any finding of justifiable reliance and that the elements of fraud were not satisfied.

The trial court conducted a three-day bench trial in October 2023. Reem Annabi and Guirguis both testified on the first trial day, October 10, for which no reporter's transcript was prepared. The reporter's transcript begins on the second day of trial.

### C. The Statement of Decision

The trial court issued a statement of decision resolving the parties' claims. Several findings were adverse to Anabi and are not challenged on appeal:

*The RPSA.* The court accepted Guirguis's calculation of $155,804.51 in liquidated damages under the RPSA and rejected Anabi's competing figure of $158,680.32.

*The RFDIP.* The court rejected Anabi's claim that it was entitled to a " 'greater' amount" of $363,344.04 under paragraph 6(a)(ii) of the RFDIP, finding that Anabi had not proved it was required to make payments to Shell because of the debranding and that, in any event, the terms of the separate Anabi-Shell agreements were not properly incorporated into the RFDIP as against Fuel Enterprise. The court held Fuel Enterprise liable for $122,500 under paragraph 6(a)(i).

*The Notice of Default.* The court found that Anabi had recorded a wrongful Notice of Default, claiming $521,697.84 was

5

owed, when in fact only $278,304.51 was owed. The court awarded Guirguis $195,148 in damages for excess interest he was required to pay because the wrongful Notice of Default prevented him from refinancing his loan.

The fraud-related findings are the subject of this appeal. The statement of decision addresses them in a single paragraph: "Anabi contends that the two versions of the supply covenant are substantially the same; they are not. Anabi also argues that Guirguis should have carefully reviewed the revised supply covenant before signing it, and therefore it is his fault he did not notice any changes. This ignores that Anabi represented to Guirguis that he was purchasing the station on the same terms Georges had. This representation was false. The Court finds that Anabi concealed the changes with intent to defraud, that Guirguis relied on the misrepresentation and concealment, and Guirguis was injured as a result."

On the basis of these findings, the court ruled for Fuel Enterprise on the cross-claims for fraud, rescission of the 2020 Supply Covenant, and violation of Corporations Code section 31125, and against Anabi Oil on its claim for breach of the 2020 Supply Covenant. The court also ordered the 2020 Supply Covenant, along with the Notice of Default and an associated Deed of Trust, vacated on Fuel Enterprise's quiet-title claim. The court found that Fuel Enterprise and Guirguis were the prevailing parties.

Anabi filed timely objections. Objection No. 12 challenged whether Guirguis's reliance "was reasonable considering the admitted evidence that the contracts contained integration clauses to which the parties agreed."[3] The trial court overruled

_____

[3] Objection No. 12 states Anabi "objects to the PSD's, that Defendant Guirguis's reliance on Plaintiff's alleged oral communications was reasonable," omitting the noun the possessive modifies. Anabi's counsel confirmed at oral argument

6

the objections without modifying the relevant findings and entered judgment for a net $48,156.51 in favor of Anabi Oil.  That figure included the $278,304.51 tender, less the $35,000 security deposit and the $195,148 in wrongful-Notice-of-Default damages.

The trial court subsequently granted Fuel Enterprise's motion for attorney fees, identifying Fuel Enterprise and Guirguis as the prevailing parties, and denied Anabi's competing motion.  Anabi timely appealed both the judgment and the postjudgment fee order.  The two appeals were consolidated.[4]

## DISCUSSION

### I. The Statement of Decision Does Not Adequately Resolve Justifiable Reliance

#### A. The requirement of a statement of decision

Code of Civil Procedure section 632 requires the trial court, upon timely request, to issue "a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial."  The statement need not address every evidentiary fact, but it must " 'fairly disclose[] the court's determination as to the ultimate facts and material issues in the case.' " (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 983.)  An "ultimate fact" in this context " 'generally refers to a core fact, such as an essential element of a claim.' " (*Ibid.*)

#### B. The standard of review

Where a party identifies an omission or ambiguity in the statement of decision and timely brings it to the trial court's attention, Code of Civil Procedure section 634 precludes implied

---

that the intended word is "finding."  The omission does not affect our analysis.

[4] Fuel Enterprise filed the initial notice of appeal on April 19, 2024, which this court dismissed on September 17, 2024, for failure to deposit reporter's transcript fees.  Anabi's cross-appeal, filed May 9, 2024, proceeded as the operative appeal.

7

findings: "[I]t shall not be inferred on appeal . . . that the trial court decided in favor of the prevailing party as to those facts or on that issue." (Code Civ. Proc., § 634; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133–1134.)

The standard of review depends on a threshold question. Where a party timely brings an omission or ambiguity in the statement of decision to the trial court's attention, Code of Civil Procedure section 634 forecloses implied findings, and we review the adequacy of the statement of decision independently. (*Thompson v. Asimos*, *supra*, 6 Cal.App.5th at p. 981.) Where a party does not, the reviewing court infers findings favorable to the prevailing party on all issues necessary to support the judgment and reviews those implied findings for substantial evidence. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 59–60.) Fuel Enterprise contends that Anabi's Objection No. 12 was not a proper objection and that the substantial evidence standard therefore governs. Because the answer determines both the standard of review and whether the missing finding may be inferred, we take up the objection in part I.F, *post*. We conclude that the objection preserved the deficiency, and we review the statement of decision independently. A trial court's error in failing to issue an adequate statement of decision is subject to harmless error review under article VI, section 13 of the California Constitution; reversal is required where the error has resulted in a miscarriage of justice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108.)

### C. The record is adequate to present the issue

Fuel Enterprise contends at the outset that the appeal is barred because no reporter's transcript was prepared for the first day of trial, when Reem Annabi and Guirguis testified, and Anabi supplied no settled or agreed statement in its place. The contention is misdirected. Whether the statement of decision resolved a specified controverted issue is answered from the document itself, which the clerk's transcript contains in full. (See

8

*Whittington v. McKinney* (1991) 234 Cal.App.3d 123, 127.)  The missing reporter's transcript bears on a different question: whether reasonableness can be resolved as a matter of law on this record.  We address that question in part II, *post*.

### D. Justifiable reliance is an ultimate fact

The elements of fraud under California law are (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)  The reliance element has two components:  The plaintiff must show both that he actually relied on the misrepresentation and that his reliance was justifiable in the circumstances.  (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 864.)  Justifiable reliance requires that " 'circumstances were such to make it *reasonable* for [the] plaintiff to accept [the] defendant's statements without an independent inquiry or investigation.' "  (*Ibid.*)  Actual reliance and justifiable reliance are distinct inquiries; a plaintiff may establish actual reliance yet fail on justifiability.  (See *Hoffman v. 162 North Wolfe LLC* (2014) 228 Cal.App.4th 1178, 1193–1194.) Justifiable reliance is therefore an essential element of fraud and, where disputed as it was here, an "ultimate fact" the statement of decision must address.[5]

---

[5] Fuel Enterprise's cross-claim also rests in part on a concealment theory.  Concealment requires a duty to disclose, and reliance in an omission case is established by showing the plaintiff would have behaved differently had the suppressed fact been disclosed.  (See *Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248, 250–251.)  Reliance is required under both theories, though it may be analyzed differently in an omission case.  Because the statement of decision does not differentiate between affirmative misrepresentation and concealment, the trial court on remand should clarify whether the fraud finding rests on one theory or both.

**E. The statement of decision does not disclose a finding of justifiable reliance**

The trial court's statement of decision addresses the fraud claim in a single paragraph.  The court found that Reem Annabi represented the 2020 Supply Covenant was the same as the 2017 Supply Covenant, that this representation was false, that Anabi "concealed the changes with intent to defraud," and that Guirguis "relied on the misrepresentation and concealment."  The court also expressly engaged with Anabi's duty-to-read defense, observing that the argument "ignores that Anabi represented to Guirguis that he was purchasing the station on the same terms Georges had."

The statement of decision does not clearly disclose whether the trial court made a finding of justifiable reliance.  The court's finding that Guirguis "relied on the misrepresentation and concealment" expressly addresses actual reliance.  Its discussion of the duty-to-read defense addresses why Guirguis's failure to read did not defeat the fraud claim.  It does not clearly disclose, however, whether that discussion was intended as a finding that Guirguis's reliance was reasonable under all the circumstances or merely as a rejection of Anabi's contention that the failure to read necessarily defeated the fraud claim.  Actual reliance and justifiable reliance are distinct requirements.  (*OCM Principal Opportunities Fund, L.P.* v. CIBC World Markets Corp. (2007) 157 Cal.App.4th 835, 864.)

The court's stated reason does not supply that determination.  The court observed that Anabi's argument "ignores that Anabi represented to Guirguis that he was purchasing the station on the same terms Georges had."  That observation explains why Guirguis did not read the 2020 Supply Covenant:  He had been told its terms were unchanged.  It establishes that the representation was made and that it induced him to sign without reading.  Whether a party in Guirguis's position acted reasonably in accepting that representation rather

10

than reading the document before signing is a distinct question, and the court's explanation does not reach it. A finding that a false representation induced reliance is not a finding that the reliance it induced was justifiable.

Fuel Enterprise argues the trial court's express fraud finding necessarily includes a finding of justifiable reliance because justifiability is an element of the cause of action. A statement of decision must allow the parties and the reviewing court to identify "the precise facts found by the court and the exact grounds upon which the judgment rests." (*Whittington v. McKinney*, *supra*, 234 Cal.App.3d at p. 127.) The trial court's brief discussion of the duty-to-read defense does not satisfy that requirement on this record. The court explained why it rejected the duty-to-read defense. It did not explain whether it separately regarded Guirguis's reliance as reasonable under the circumstances.

Our colleague agrees the statement of decision is deficient in its treatment of reasonable reliance. (Conc. & dis. opn. of Richardson, J., *post*, at p. 1.) The panel divides only on whether Anabi preserved that deficiency, which we take up next.

**F. Objection No. 12 preserved the ambiguity concerning justifiable reliance**

Anabi brought that ambiguity to the trial court's attention. Objection No. 12 was directed at the proposed decision's treatment of whether Guirguis's reliance on the alleged oral communications "was reasonable considering the admitted evidence that the contracts contained integration clauses to which the parties agreed." The reasonableness of that reliance was in controversy before judgment. Anabi argued in its closing brief that Guirguis could not establish justifiable reliance because he failed to read the 2020 Supply Covenant before signing it. The trial court addressed that contention in its proposed decision. Anabi then objected that the reliance the court had described was not reasonable. The trial court thus had

11

before it a dispute over the reasonableness of Guirguis's reliance, and its own proposed decision engaged that dispute.

That the issue was controverted is not itself enough. Code of Civil Procedure section 634 requires that the record show the omission or ambiguity, and not merely the underlying issue, was brought to the trial court's attention. The question is whether the record shows the court was alerted that its treatment of reasonable reliance required clarification.

Code of Civil Procedure section 634 applies where "the record shows that the omission or ambiguity was brought to the attention of the trial court." The statute directs attention to what the record shows, not to the form of words the objecting party selected. No particular wording is required, but the claimed omission or ambiguity must be identified with sufficient particularity to permit correction. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 498 [objections allow the court to focus on issues the party contends were not resolved "or whose resolution is ambiguous"].) The main purpose of an objection to a proposed statement of decision "is not to reargue the merits, but to bring to the court's attention inconsistencies between the court's ruling and the document that is supposed to embody and explain that ruling." (*Heaps v. Heaps* (2004) 124 Cal.App.4th 286, 292.)

Objection No. 12 served that purpose. The contrast is textual. The proposed decision found that Guirguis "relied on the misrepresentation and concealment." Objection No. 12 was directed at a determination that his reliance "was reasonable." The objection introduced the term the proposed decision did not use and attributed its resolution to a document that does not contain it. Directed at a statement of decision that does not clearly make the finding it presupposed, the objection exposed the very inconsistency section 634 exists to surface. The court could have confirmed the finding, added it, or explained that it had resolved the matter on some other basis. Any of the three

would have disclosed what the statement of decision leaves ambiguous.  The court did none of them; it overruled the objection without clarification.

Fuel Enterprise contends that Objection No. 12 was not a proper objection and that the doctrine of implied findings therefore applies.  Read one way, the objection attacks a finding the trial court made rather than identifying an omission or ambiguity, and so falls within the exclusion recognized in *Duarte Nursery, Inc. v. California Grape Rootstock Improvement Com.* (2015) 239 Cal.App.4th 1000, 1012, and applied in *Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1171, and *Oakland Bulk and Oversized Terminal, LLC v. City of Oakland* (2025) 112 Cal.App.5th 519, 543.  Those decisions hold that Code of Civil Procedure section 634 is not triggered when an objection merely cites contrary evidence or disputes the legal basis of a finding the statement of decision unambiguously made.

Objection No. 12 was not free of merits content.  In invoking the integration clauses, it advanced a reason why Guirguis's reliance was not reasonable.  But the objections in those cases were directed at the support for ultimate findings the statements of decision expressly and unambiguously made.  This objection was not.

The proposed decision expressly found only that Guirguis "relied"; it made no express finding that his reliance was reasonable.  By objecting to a reasonableness determination the proposed decision does not contain, Objection No. 12 did more than dispute the support for a finding.  It placed before the trial court whether the decision's duty-to-read discussion was intended to resolve that separate ultimate issue.  The question is not whether Objection No. 12 was a model Code of Civil Procedure section 634 objection.  It is whether, in the form counsel chose, it conveyed sufficient notice of the ambiguity.  It did.

The exclusion recognized in those decisions serves a purpose.  It prevents a party from using Code of Civil Procedure

13

section 634 to relitigate an issue the trial court resolved, by recasting disagreement with a finding as a claim that the finding is missing. That purpose has no application where the statement of decision resolved nothing. Where the trial court did not expressly determine the issue, an objection directed at that issue does not relitigate a resolved question; it asks whether the question was reached. Nor does presupposition alone preserve a claim of omission. What preserves the claim here is presupposition together with a statement of decision that does not contain the presupposed finding. An objection directed at a finding the trial court expressly made remains a merits objection, whatever it presupposes.

It is suggested that Anabi elsewhere objected that the proposed decision "fail[ed] to address" particular matters, and that its use of different language in Objection No. 12 shows it did not regard the reasonableness of reliance as unresolved. Code of Civil Procedure section 634 does not turn on whether a party's objections follow a uniform drafting convention. The statute asks what the record shows the trial court was alerted to. A party who files 15 objections does not forfeit one of them by phrasing it differently from the others, and an objection's sufficiency is measured by the notice it conveyed, not by its consistency with the party's other filings.

Code of Civil Procedure section 634 does not condition relief on the objecting party's correct diagnosis of the defect. The statute applies both when a statement of decision "does not resolve a controverted issue" and when "the statement is ambiguous." A party confronting an ambiguous statement of decision often cannot know which of the two it faces; the ambiguity is what deprives it of that knowledge. To require the objecting party to characterize the defect correctly would withdraw the statute in the very circumstance its second clause addresses.

14

This conclusion does not require a trial court to address every evidentiary fact bearing on reliance. The defect is not the court's failure to discuss separately the integration clauses, the document's length, Guirguis's sophistication, or the parties' course of dealing. The defect is that the statement does not clearly disclose whether the court found the distinct ultimate fact of justifiable reliance at all. Justifiable reliance was a principal controverted issue at trial and an ultimate fact that Code of Civil Procedure section 632 required the statement of decision to resolve. The integration clauses, by contrast, are evidentiary considerations bearing on that issue. Under Code of Civil Procedure section 634, we therefore may not resolve the ambiguity by implying a finding of justifiable reliance.

## G. The deficiency is prejudicial

A trial court's error in failing to issue an adequate statement of decision is subject to harmless error review; reversal is required where the error has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; *F.P. v. Monier*, *supra*, 3 Cal.5th at p. 1108.) The deficiency here is prejudicial. The justifiability of Guirguis's reliance was the central dispute concerning the fraud claim. Anabi argued that Guirguis's failure to read a one-page, four-paragraph document foreclosed reasonable reliance as a matter of law and offered authority in support. Fuel Enterprise contended that Reem Annabi's affirmative misrepresentation excused the failure to read in the circumstances of an established commercial relationship. The trial court was required to resolve this dispute under the correct legal standard. The statement of decision's silence on justifiable reliance "precludes this court from reviewing the evidence in the record to determine whether it supports the trial court's findings chiefly because we do not know what those findings were." (*Alafi v. Cohen* (2024) 106 Cal.App.5th 46, 70.)

The consequences of these findings are substantial. On the strength of the fraud determination, the trial court rescinded the

15

2020 Supply Covenant and vacated it on Fuel Enterprise's quiet-title claim, extinguishing an exclusive supply right running to November 2028. The same determination defeated Anabi Oil's third cause of action for breach of that covenant and supported the finding of a violation of Corporations Code section 31125. It also informed the trial court's identification of the prevailing party and the fee award that followed. That the statement of decision assigned no damages specific to the fraud claim does not render the omission harmless. Prejudice is measured by whether the judgment would have been the same had the finding been made, not by whether the omitted finding carried its own award.

Because the omission concerns a core fact on which Fuel Enterprise's fraud claim and the determinations derivative of it depend, and because Code of Civil Procedure section 634 forecloses inference of the missing finding, reversal of the affected portions of the judgment is required.

## II. The Appropriate Remedy Is a Limited Remand

Anabi urges us not only to reverse the judgment but to direct entry of judgment in its favor on the affected causes of action, contending that justifiable reliance is foreclosed on this record as a matter of law. We decline.

Whether reliance is justifiable is generally a question of fact. (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239.) It becomes a question of law only where reasonable minds could reach but one conclusion. (*Guido v. Koopman* (1991) 1 Cal.App.4th 837, 843.) Anabi relies on the well-established rule that a party who signs a contract is generally bound by its terms regardless of whether the party read it. (E.g., *N.A.M.E.S. v. Singer* (1979) 90 Cal.App.3d 653, 656; *Randas v. YMCA of Metropolitan Los Angeles* (1993) 17 Cal.App.4th 158, 163.) The rule is not absolute. It yields to fraud, overreaching, or excusable neglect. (*Randas*, *supra*, at p. 163.) Whether the present case falls within such an exception is fact-intensive. Our Supreme Court has noted, but expressly declined to resolve, "the degree to

16

which failure to read the contract affects the viability of a claim of fraud in the inducement." (*Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1183, fn. 11.)

The record before us does not permit confident resolution of the issue as a matter of law. The reporter's transcript begins on the second day of trial. The testimony of Reem Annabi and Guirguis, the two witnesses whose accounts most directly bear on the circumstances of the alleged misrepresentation, was given on the first day, for which no transcript was prepared and no settled or agreed statement was provided. We are reluctant to declare reasonableness foreclosed as a matter of law without the testimony bearing most directly on the question. The trial court, having heard that testimony, is the appropriate body to resolve the issue in the first instance.

Fuel Enterprise argues that the trial court's findings on Reem Annabi's affirmative misrepresentations are sufficient to support the fraud judgment under the "lulling doctrine," which holds that a defendant who lulls a plaintiff into inaction by false assurances cannot defeat the plaintiff's claim by pointing to the plaintiff's failure to investigate. (See *Brownlee v. Vang* (1965) 235 Cal.App.2d 465, 474; *Hartong v. Partake, Inc.* (1968) 266 Cal.App.2d 942, 966.) The doctrine does not resolve this appeal. *Brownlee* and *Hartong* themselves analyzed whether the plaintiff's reliance was reasonable under the circumstances; they did not dispense with the element of justifiable reliance but applied it. (See *Brownlee*, *supra*, at p. 476 [further representations "designed to allay the suspicions of the plaintiff, were themselves misrepresentations calculated to deceive"]; *Hartong*, *supra*, at p. 966 [reliance reasonable where defendant "allays his doubts with further assurances"].) Whether the lulling doctrine excuses Guirguis's failure to read the 2020 Supply Covenant in the present circumstances is itself a question

17

about the reasonableness of his reliance that the trial court must address on remand.

The conventional remedy in these circumstances is to reverse the affected portions of the judgment and remand with directions to the trial court to issue an amended statement of decision making an express finding on the omitted issue. (*Karlsen v. Superior Court* (2006) 139 Cal.App.4th 1526, 1531.) That is the remedy we adopt here, with one modification: Because the trial court has already made findings on the underlying facts and rejected Anabi's duty-to-read defense on its merits, the trial court need not retry the issue if it can resolve the question on the record already before it. It is being asked to clarify whether, in light of its existing findings and the trial record, Guirguis's reliance was justifiable under the correct legal standard. In making that finding, the trial court should take into account the applicable framework for affirmative misrepresentation or concealment, as the analytical framework for justifiable reliance may differ between the two theories.

That remedy assumes the judge who tried the matter remains available. Where the judge who heard the case is no longer available, no other judge can complete the statement of decision, and a new trial is the appropriate remedy. (*Karlsen*, *supra*, 139 Cal.App.4th at p. 1531 ["If the trial judge who originally presided over the trial has become incapacitated or has died, no other judge can perform the task and the matter must be retried"]; *Wallis v. PHL Associates, Inc.* (2013) 220 Cal.App.4th 814, 827 [where the judge who heard the case was no longer available, "the only appropriate appellate remedy" was remand for a new trial].) Here, the testimony of Reem Annabi and Guirguis was given on the first day of trial, for which no reporter's transcript, settled statement, or agreed statement was prepared. We express no view on whether the finding can be made on the existing record. That determination is for the trial court in the first instance. We hold only that if the finding

18

cannot be made on the record as it stands, the trial court shall order a new trial limited to the causes of action we reverse.

Two of Fuel Enterprise's arguments warrant brief comment. Fuel Enterprise devotes a substantial portion of its brief to the proposition that an integration clause does not categorically bar fraud claims, citing *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.*, *supra*, 55 Cal.4th 1169, and the line of cases addressing the parol evidence rule's fraud exception. (See, e.g., *Thrifty Payless, Inc. v. The Americana at Brand, LLC* (2013) 218 Cal.App.4th 1230; *IIG Wireless, Inc. v. Yi* (2018) 22 Cal.App.5th 630.) Anabi does not contend otherwise, and the trial court's findings do not turn on any categorical integration-clause bar. The question before us is not whether the parol evidence rule or an integration clause forecloses Fuel Enterprise's fraud claim (it does not), but whether the statement of decision adequately resolved the distinct element of justifiable reliance. Our holding does not foreclose the trial court from considering the *Riverisland* framework or the surrounding case law on remand when addressing whether reliance was justified.

Fuel Enterprise also argues that the appeal should be denied because reasonable reliance is not an element of several of the cross-claims on which it prevailed below (including the claims for breach of contract, rescission, quiet title, declaratory relief, and violations of various statutory provisions) and contends Anabi has forfeited any challenge to those claims by not separately analyzing their elements. The argument misapprehends the appeal. Anabi does not challenge any cross-claim that is independent of the fraud finding; we reverse them because they rest on the same factual predicate, not because justifiable reliance is independently an element of each. The cross-claims that rest on independent grounds, such as the wrongful-Notice-of-Default theory and the quiet-title claim as it relates to the Notice of Default and Deed of Trust, remain undisturbed for the reasons set forth below.

19

### III. Scope of the Reversal

The scope of our reversal is narrower than Anabi seeks.

### A. Determinations reversed

Fuel Enterprise contends that Anabi has forfeited any challenge to the determinations other than the fraud finding because Anabi neither demonstrates nor could demonstrate that reasonable reliance is an element of rescission, quiet title, declaratory relief, or a violation of Corporations Code section 31125. The contention misapprehends the basis of the reversal. These determinations are not reversed because justifiable reliance is an element of each. They are reversed because the trial court rested each of them on its fraud finding: the rescission of the 2020 Supply Covenant, the Corporations Code section 31125 determination, the judgment against Anabi Oil on its third cause of action for breach of that covenant, the quiet-title order insofar as it vacates the covenant, and the tender-refusal ground of the breach-of-contract finding, which turns on the covenant's enforceability. A determination the trial court derived from a finding we cannot review does not become independent of that finding because the elements of the claim, considered in the abstract, omit reliance.

Nor did Anabi confine its challenge as Fuel Enterprise suggests. The opening brief identified the fraud finding as the foundation of the judgment on Anabi Oil's third cause of action and on the rescission and Corporations Code section 31125 cross-claims, cited the portions of the record establishing that dependence, and argued that the derivative determinations cannot stand once the foundation is removed. That presented the question.

The fraud finding and the determinations dependent on it rest on the same factual predicate: The determination that Anabi made an actionable misrepresentation or concealment on which Guirguis was entitled to rely in signing the 2020 Supply Covenant. These are:

20

1.  The finding in favor of Fuel Enterprise on the second cause of action of the cross-complaint for fraud.
2.  The finding in favor of Fuel Enterprise on the third cause of action of the cross-complaint for rescission of the 2020 Supply Covenant.
3.  The finding in favor of Fuel Enterprise on the fifth cause of action of the cross-complaint for violation of Corporations Code section 31125.
4.  The finding against Anabi Oil on its third cause of action for breach of the 2020 Supply Covenant.
5.  The finding in favor of Fuel Enterprise on the sixth cause of action of the cross-complaint for quiet title, but only to the extent it vacates the 2020 Supply Covenant.
6.  The finding in favor of Fuel Enterprise on the first cause of action of the cross-complaint for breach of contract, but only to the extent it rests on Anabi Oil's refusal of Fuel Enterprise's tender.[6]

**B. Determinations not disturbed**

Several substantial portions of the judgment rest on independent factual and legal grounds and are unaffected by the issue on appeal:

*The RPSA finding.* The trial court found that Anabi was entitled to $155,804.51 in liquidated damages under the RPSA and rejected Anabi's competing calculation of $158,680.32. This finding does not depend on the fraud determination, and Anabi does not challenge it on appeal.

*The RFDIP finding.* The trial court rejected Anabi's " 'greater' amount" theory under paragraph 6(a)(ii) of the RFDIP and held Fuel Enterprise liable only for the $122,500 amount under paragraph 6(a)(i). This finding rests on the court's independent determinations that Anabi failed to prove what it

---

[6] The breach-of-contract finding rests on two independent grounds; only one is fraud-dependent. (See part III.B, *post*.)

was required to pay Shell and that the separate Anabi-Shell agreements were not properly incorporated into the RFDIP. Anabi does not challenge these determinations on appeal.

*The wrongful Notice of Default.* The trial court found that Anabi recorded a wrongful Notice of Default and awarded Guirguis $195,148 in damages for excess interest payments that resulted. This finding rests on the court's determinations that the RFDIP " 'greater' amount" theory failed and that the amount claimed in the Notice was therefore overstated. It does not depend on the fraud finding, and Anabi does not challenge it on appeal.

*The remaining cross-claims.* The trial court found in Anabi's favor on the fourth and eighth causes of action of the cross-complaint for violation of Business and Professions Code sections 21148 and 17200, concluding that Fuel Enterprise did not prove the elements of either claim. The court found in favor of Fuel Enterprise on the seventh cause of action for declaratory relief, but the declaratory relief consisted of the court's recitation of the rights of the parties as determined under the other claims and is therefore derivative of those claims rather than an independent ground of recovery. Neither side challenges the trial court's disposition of these claims, and we leave them undisturbed. We do not independently reverse the declaratory relief determination; on remand, any declaratory relief should conform to the amended judgment and the trial court's findings on justifiable reliance.

*The quiet-title judgment as to the Notice of Default and Deed of Trust.* The trial court ordered the Notice of Default and associated Deed of Trust vacated. That order rests on the independent finding that the Notice of Default was wrongful, not on the fraud finding. It is unaffected by our reversal.

*The breach-of-contract finding against Anabi on the cross-complaint.* The trial court found that Anabi breached the parties' contracts on two independent grounds: Refusing Fuel

22

Enterprise's tender of $278,304.51, and recording the wrongful Notice of Default.  The first ground, the refusal of the tender, depends on whether the $278,304.51 tender was sufficient, which in turn depends in part on whether the 2020 Supply Covenant is enforceable.  If on remand the trial court finds justifiable reliance lacking, the 2020 Supply Covenant remains enforceable and the tender-refusal theory of breach must be reconsidered.  The second ground, the wrongful Notice of Default, rests on the independent RFDIP-related findings and is unaffected.

We therefore affirm the breach-of-contract finding to the extent it rests on the wrongful Notice of Default.  The tender-refusal ground is reversed, and whether it can be sustained will depend on the trial court's determination on remand.

### C. The damages calculation

The judgment awarded Anabi Oil a net $48,156.51, calculated as the $278,304.51 tender amount less the $35,000 security deposit and the $195,148 in wrongful-Notice-of-Default damages.  The $35,000 offset and the $195,148 wrongful-Notice-of-Default damages flow from determinations we leave undisturbed.  The $278,304.51 figure represents the amount Fuel Enterprise tendered.  On remand, the only damages question that could be revisited is whether Anabi was entitled to additional sums under the 2020 Supply Covenant, that is, whether the trial court's rejection of Anabi Oil's third cause of action for breach of the 2020 Supply Covenant was correct.  The damages calculation on the other components is not disturbed.

### IV. The Attorney Fee Award

The trial court awarded attorney fees to Fuel Enterprise as the prevailing party.  "An order awarding attorney fees ' "falls with a reversal of the judgment on which it is based." ' " (*Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 358.)  Even though our reversal is partial, we cannot say with certainty that the trial court "would exercise its discretion in the same manner" had the affected causes of action been decided

23

differently.  (*Ventas Finance I, LLC v. Franchise Tax Board* (2008) 165 Cal.App.4th 1207, 1233–1235 [partial reversal "could conceivably also affect the court's discretionary determination" of prevailing-party status].)

The fee award is vacated.  On remand, after entry of an amended judgment, the trial court shall redetermine the prevailing party and the amount of attorney fees, if any, to which that party is entitled.

## DISPOSITION

The judgment is reversed as to (1) the second cause of action of the cross-complaint for fraud; (2) the third cause of action of the cross-complaint for rescission of the 2020 Supply Covenant; (3) the fifth cause of action of the cross-complaint for violation of Corporations Code section 31125; (4) the third cause of action of the complaint for breach of the 2020 Supply Covenant; (5) the sixth cause of action of the cross-complaint for quiet title, but only to the extent it vacates the 2020 Supply Covenant; and (6) the first cause of action of the cross-complaint for breach of contract, but only to the extent it rests on Anabi Oil's refusal of Fuel Enterprise's tender.  In all other respects, the judgment is affirmed.

The postjudgment order awarding attorney fees is vacated.

The matter is remanded with directions for the trial court to (1) issue an amended statement of decision making an express finding on whether Guirguis's reliance on Reem Annabi's representation regarding the 2020 Supply Covenant was justifiable in the circumstances, taking into account the trial court's existing findings and the applicable framework for affirmative misrepresentation or concealment; (2) if the trial court determines that the finding cannot be made on the existing record, order a new trial limited to the causes of action identified above; (3) enter a new judgment on the reversed causes of action consistent with the finding made or the verdict returned; and (4)

24

redetermine the prevailing party and any award of attorney fees following entry of the amended judgment.

The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

I concur:


CHAVEZ, J.

**Anabi Oil Corporation et al. v. Fuel Enterprise, Inc., et al.**
**B337933, B340224**
**RICHARDSON, J., Concurring in Part and Dissenting in Part.**

I agree with the majority's conclusion the trial court erred in failing to make a finding on whether Defendant Asaph Guirguis's actual reliance was also reasonable reliance, as set forth in the discussion part I.E. of the majority opinion. However, I respectfully dissent from the majority's holding in part I.F. that Plaintiffs Anabi Oil Corporation and Reem Annabi (together, Anabi) adequately brought the omission to the attention of the trial court as required by Code of Civil Procedure section 634.[1]

"To bring defects in a statement of decision to the trial court's attention within the meaning of section 634, objections to a statement of decision must be 'specific.' [Citation.] The alleged omission or ambiguity must be identified with sufficient particularity to allow the trial court to correct the defect." (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 498.)

Objection No. 12 reads verbatim as follows, with all errors in the original: "Plaintiff herein objects to the PSD's[2], that Defendant's Guirguis's reliance on Plaintiff's alleged oral communications was reasonable considering the admitted evidence that the contracts contained integration clauses to which the parties agreed."

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

[2]    The acronym "PSD" stands for "proposed statement of decision."

Anabi's counsel conceded at oral argument that the word "finding" was omitted after "PSD's."

Although I agree no particular wording is necessary, I cannot read Objection No. 12 as an objection that the trial court had *failed to make a finding* that the reliance was reasonable. Rather, Objection No. 12 is an objection to the court's *conclusion that the reliance was reasonable*, considering the integration clauses.

By way of comparison, Anabi also pressed several objections to findings it claimed had been omitted by the trial court. For example, Objection Nos. 1 and 5 through 7 objected to the PSD on the grounds that it "fail[ed] to address" various issues, and Objection No. 15 "object[ed] to the PSD as it omit[ted] legal analysis regarding" another issue. Objection No. 12, however, and all the others, specifically objected to various findings of the court. Rather than giving notice to the court that it had *failed* to make a finding, Objection No. 12 only communicated Anabi's interpretation that it *had* made such a finding, but contrary to the evidence.

Although that basis is sufficient to affirm, I disagree with the majority's conclusion Objection No. 12 is even a valid statutory objection. Instead, I would find Objection No. 12 falls into that category of "objection" that merely expresses disagreement with a trial court's finding, pointing to evidence that it contends would support a contrary finding. (See *Duarte Nursery, Inc. v. California Grape Rootstock Improvement Com.* (2015) 239 Cal.App.4th 1000, 1012 [disregarding objections that merely disagreed with the trial court].) Here, the objection does so by its very terms, objecting to the finding that reliance was reasonable, "considering the admitted evidence that the contracts

2

contained integration clauses to which the parties agreed."[3] Such an objection is not proper under section 634, which does not apply " 'when the party attacks the legal premises or claims the trial court's findings are irrelevant or unsupported by evidence.' " (*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland* (2025) 112 Cal.App.5th 519, 543.)

For these reasons, I would infer findings favorable to the prevailing party on the issue of reasonable reliance, and proceed to review those findings for substantial evidence. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 59–60.) But because Anabi failed to provide us with a reporter's transcript from the first day of trial, during which both Reem Annabi and Guirguis testified, Anabi is "precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) "The burden of demonstrating error rests on the appellant." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) I would therefore affirm the trial court's ruling on the fraud claim and on all claims that relied on its fraud finding.

I thus respectfully dissent from the majority opinion to the extent it reverses the portions of the judgment resting on the fraud finding, and vacates the order awarding attorney fees. I concur in the remaining holdings, which affirm all other portions of the judgment. I would simply affirm in full.

RICHARDSON, J.

---

[3] At oral argument, Anabi's counsel conceded that the integration clauses were irrelevant to the issues on appeal.

3